UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BETTY CLAYTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-1316 (RWR) |
| ) | |
| DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM ORDER

In the instant action, Plaintiff Betty Clayton sues the
District of Columbia ("the District") and the District of
Columbia National Guard alleging discrimination and retaliation
under Title VII.  Clayton moves under Federal Rule of Civil
Procedure 42(a) to consolidate this action ("Clayton II") with
Clayton v. District of Columbia, et al., Civil Action No. 11-1889
(RWR) (D.D.C., filed Oct. 26, 2011) ("Clayton I").  Because
Clayton is claim-splitting by raising two Title VII causes of
action in Clayton II that have now been added in Clayton I,
Clayton's motion for consolidation will be denied and Clayton II
will be dismissed.

In Clayton I's first amended complaint, Clayton alleged the
District of Columbia and the District of Columbia National Guard
violated the District's Whistle Blower Protection Act, and made
claims of retaliative termination, wrongful termination, and
violation of due process rights.  Clayton I, First Am. Compl. at

¶¶ 86-107. Additionally, Clayton requested a declaratory judgment stating that the District law that allowed an adverse change in her employment status is unconstitutional. Id. at ¶¶ 108-117. Clayton then received a right-to-sue letter to add Title VII claims to Clayton I. Clayton I, Mem. P. & A. Supp. Pl.'s Mot. Leave Amend Compl. at 1. She filed for leave to amend Clayton I to include Title VII claims of retaliation and sex discrimination. Id. While awaiting a decision on her request for leave to amend Clayton I, Clayton became concerned that the time allowed under her right to sue letter to add the Title VII claims would expire before she received leave to amend. Clayton II, Mem. P. & A. Supp. Pl.'s Mot. Consolidation at 1-2 ("Pl.'s Mem. Supp. Consolidation"). As a precaution, Clayton filed Clayton II, which makes claims of retaliation and sex discrimination under Title VII based on the same facts as are alleged in Clayton I. Id. Clayton received leave to amend Clayton I on November 21, 2013, see Clayton I, 2013 WL 6118682 (D.D.C. Nov. 21, 2013), and filed a second amended complaint including the two Title VII claims on the same day. See Clayton I, Pl.'s Second Am. Compl.

The District has filed a motion to dismiss Clayton II, averring claim-splitting and failure to state a claim. See Clayton II, Def.'s Omnibus Mem. Supp. Mot. Dismiss. & Opp'n Pl.'s Mot. Consolidate ("Def.'s Omnibus Mem."). Clayton then filed the instant motion to consolidate. See Clayton II, Pl.'s Mot.

Consolidation. Clayton argues that consolidation is appropriate, expeditious, economical, and practicable because both cases arise from identical factual bases, will have substantially the same witnesses, and require the resolution of substantially similar factual and legal issues. See Clayton II, Pl.'s Mem. Supp. Consolidation.

The court has broad discretion in deciding whether to consolidate actions before it that involve "common question[s] of law or fact." Fed. R. Civ. P. 42(a); Biochem Pharma, Inc. v. Emory Univ., 148 F. Supp. 2d 11, 13 (D.D.C. 2001). "[C]onsolidation is a purely ministerial act which . . . relieves the parties and the Court of the burden of duplicative pleadings and Court orders." New York v. Microsoft Corp., 209 F. Supp. 2d 132, 148 (D.D.C. 2002). "[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1933); see also 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Civil § 2382 (3d ed.) (explaining that although a strict reading of Rule 42(a) seems to allow several consolidated actions to be merged into one, losing their separate identities and becoming a single action, the federal courts have followed the Supreme Court's statement in Manhattan

<u>Railway Co.</u> and treated consolidated actions as separate in character, with each requiring a separate judgment).

In considering whether to consolidate actions:

> [T]he court should consider whether judicial efficiency
> is best served by consolidation.  The court generally
> weighs the saving of time and effort that consolidation
> would produce against any inconvenience, delay, or
> expense that consolidation would cause.  Courts also
> consider (1) whether the relief sought varies
> substantially between the two actions; (2) whether
> defendants are being sued in different capacities; and
> (3) what would be gained by consolidation and what injury
> would be suffered by failure to consolidate.

<u>Frederick v. S. Star Cent. Gas Pipeline, Inc.</u>, No. 10-1063-JAR-DJW, 2010 WL 4386911, at *2 (D. Kan. Oct. 29, 2010).  When multiple cases involving the same parties and same issues are pending simultaneously in the same court, one solution is to consolidate them.  <u>Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Reserve Sys.</u>, 770 F. Supp. 2d 283, 286 (D.D.C. 2011) (citing <u>Miller v. U.S. Postal Serv.</u>, 729 F.2d 1033, 1036 (5th Cir. 1984)).  However, a district court is not required to consolidate actions; the court can generally decide instead to dismiss a duplicative and later-filed action, stay a later-filed action pending resolution of the previously filed action, or enjoin the parties from proceeding with a later-filed action.  <u>In re Consolidated Salmon Cases</u>, 688 F. Supp. 2d 1001, 1007 (E.D. Cal. 2010) (citing <u>Adams v. Cal. Dep't of Health Servs.</u>, 487 F.3d 684 (9th Cir. 2010), <u>overruled on other grounds by Taylor v. Sturgell</u>, 553 U.S. 880, 904 (2008)).  "The party requesting

consolidation bears the burden of showing that the balance weighs in favor of consolidation." <u>Frederick</u>, 2010 WL 4386911, at *2.

In addition, a plaintiff should not engage in "claim-splitting," in which the plaintiff seeks "to maintain two actions on the same subject in the same court, against the same defendant at the same time." <u>Katz v. Gerardi</u>, 655 F.3d 1212, 1217 (10th Cir. 2011) (quoting <u>Curtis v. Citibank, N.A.</u>, 226 F.3d 133, 139 (2d Cir. 2000)). The restriction enables the court "to ensure fairness to litigants and to conserve judicial resources." <u>Greene v. H & R Block E. Enters., Inc.</u>, 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010). To determine whether a plaintiff is claim-splitting, "[t]he proper question is whether, assuming the first suit was already final, the second suit would be precluded under res judicata analysis." <u>Katz</u>, 655 F.3d at 1219; <u>cf.</u> <u>Kanciper v. Suffolk Cnty. Soc. for the Prevention of Cruelty to Animals, Inc.</u>, 722 F.3d 88, 92-93 (2d Cir. 2013) (indicating its support of the <u>Katz</u> test for claim-splitting when analyzing two cases filed in the same district court, but stating that the test is not relevant when the two actions are filed in a federal district court and a state court).

"District courts have discretion to control their dockets by dismissing duplicative cases." <u>Katz</u>, 655 F.3d at 1217.[1] If an

---

[1] <u>See also</u> <u>Wash. Metro. Area Transit Auth. v. Ragonese</u>, 617 F.2d 828, 830 (D.C. Cir. 1980) (noting that "'[w]here two cases between the same parties on the same cause of action are commenced in two different Federal courts, the one which is commenced first is to be allowed to proceed to its conclusion

action is dismissed because of claim-splitting, the dismissed

party can still assert its claim through the remaining action

against the same defendants regarding the same issues. Id. at

1219.

The District argues that Clayton I and Clayton II should not

be consolidated, but rather, Clayton II should be dismissed

because Clayton is claim splitting.[2] Def.'s Omnibus Mem. at 2-3.

The District avers that Clayton II has underlying facts that are

"identical" to those in Clayton I. Clayton II, Mem. P. & A.

Supp. Def.'s Mot. Dismiss at 12 ("Def.'s Mem. Supp. Dismiss").

Indeed, in support of her motion to consolidate, Clayton argues

that "the cases will involve 'substantially the same witnesses'

---

first . . . .'" (quoting Speed Prods. Co. v. Tinnerman, 171 F.2d
727, 729 (D.C. Cir. 1948))). Sua sponte dismissal of an action
duplicative of a parallel action already pending in another
federal court is allowable as an exercise of "'wise judicial
administration . . . .'" Mendlow v. Library of Congress, No. 98-
5165, 1999 WL 187762, at *1 (D.C. Cir. Feb. 17, 1999)
(unpublished table opinion) (quoting Serlin v. Arthur Anderson &
Co., 3 F.3d 221, 223 (7th Cir. 1993)).

[2] The District argues that Clayton II should be dismissed
for claim-splitting, and describes the rule against claim-
splitting as "part of the doctrine of res judicata." Clayton II,
Def.'s Mem. Supp. Dismiss at 9-12. In refuting the District's
argument, Clayton states that Clayton II should not be dismissed
because the principle of res judicata would only apply if there
had been a final judgment on Clayton I. Clayton II, Pl.'s Resp.
Def. District of Columbia's Mot. Dismiss Mem. P. & A. Supp. &
Req. Hr'g at 3. Although "we analyze claim-splitting as an
aspect of res judicata, the claim-splitting doctrine does not
fall within a conventional res judicata analysis." Katz, 655
F.3d at 1218. "[A] final judgment is not a necessary component
of the claim-splitting analysis . . . ." Id.

and arise from precisely the same facts and events." Pl.'s Mem. Supp. Consolidation at 3.

Given the common facts supporting the claims in both actions and that both actions are before the same court, consolidation of Clayton I and Clayton II could conserve judicial resources, including time and effort. The District opposes the motion on substantive legal grounds, not practical grounds, and gives the court no reason to expect consolidation of the actions would result in any inconvenience, delay, or additional expense.[3] The requested relief does not vary between actions, in that Clayton demands a jury trial and compensatory damages in both Clayton I and Clayton II.[4] Neither is Clayton suing the defendants in different capacities; the defendants are the same in both actions. At first blush, consolidation could seem appropriate.

However, under the Katz test for claim splitting, Clayton II would be precluded. "Claim preclusion prevents parties from relitigating issues they raised or could have raised in a prior action on the same claim." NextWave Personal Commc'ns, Inc. v. FCC, 254 F.3d 130, 143 (D.C. Cir 2001) (emphasis added). The facts alleged in the complaints in both Clayton I and Clayton II

---

[3] The second defendant to both actions, the District of Columbia National Guard, does not oppose the Motion to Consolidate.

[4] Plaintiff also sought a declaratory judgment in her as-applied challenge to the constitutionality of a District of Columbia statute in her first action. However, the court dismissed this claim against both defendants. See Clayton I, 2013 WL 6118682 (D.D.C. Nov. 21, 2013).

are identical.  The two Title VII causes of action based on those
facts that Clayton raises in Clayton II she has now added to
Clayton I.

The usual enforcement mechanism against claim splitting is
that a judgment reached in one action has a preclusive effect on
the remaining action.  See Twaddle v. Diem, 200 F. App'x 435, 439
(6th Cir. 2006); see also Rogers v. Desiderio, 58 F.3d 299, 300
(7th Cir. 1995) ("To discourage the tactic [of claim splitting],
judges award plaintiffs not the better outcome but the first
outcome:  whichever suit goes to judgment first is dispositive,
and the doctrine of claim preclusion (res judicata) requires the
other court to dismiss the litigation.").  However, this is not
the only option a court has at its disposal.  In Serlin, the
Seventh Circuit affirmed the dismissal of a duplicative action,
filed because the plaintiff was concerned the statute of
limitations would run on his claims in his first action while the
defendant's motion to dismiss was pending.  See Serlin v. Arthur
Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993).  In the second
action, the plaintiff sued identical parties, sought identical
remedies, and alleged claims that were not "significant[ly]
differen[t]" than those in the plaintiff's previously filed
lawsuit.  Id.  In summarizing its reasoning, the court stated
that "[a]s there are no significant differences between the
claims, parties, and available relief in the two suits, the trial
judge did not err in finding them duplicative."  Id. at 224.  The

similarities between <u>Serlin</u> and the instant case suggest a similar outcome.

Dismissal of <u>Clayton II</u> will not adversely impact Clayton. Clayton maintains an avenue through an amended <u>Clayton I</u> to seek redress of her additional Title VII claims. Dismissal of <u>Clayton II</u> is fully warranted. <u>Clayton I</u>, amended to include Clayton's additional claims, is the proper vehicle for airing the additional claims, not the consolidation of duplicative lawsuits.[5] Thus, because <u>Clayton I</u> and <u>Clayton II</u> are duplicative actions, Clayton's Motion to Consolidate will be denied and <u>Clayton II</u> will be dismissed. Accordingly, it is hereby

ORDERED that Clayton's motion [9] for consolidation be, and hereby is, DENIED. It is further

ORDERED that the District's motion [13] to dismiss <u>Clayton II</u> be, and hereby is, GRANTED. It is further

ORDERED that <u>Clayton II</u> is dismissed <u>sua sponte</u> as to the Defendant, the District of Columbia National Guard.

---

[5] Clayton states that "[s]o long as all of the plaintiff's claims are deemed timely-filed, Plaintiff consents to having all of her claims proceed in one action." <u>Clayton II</u>, Pl.'s Resp. Def. District of Columbia's Mot. Dismiss & Mem. P. & A. Supp. & Req. Hr'g at 1. <u>Clayton I</u>, amended to include Clayton's Title VII claims, accomplishes this end.

SIGNED this 10th day of April, 2014.


_____/s/_____
RICHARD W. ROBERTS
Chief Judge